**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50189 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00094-AJB |
| v. | |
| HUGO CONTRERAS-HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Hugo Contreras-Hernandez appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Contreras-Hernandez contends that the district court erred when it denied his request for departures for imperfect duress under U.S.S.G. § 5K2.12, lesser harm under U.S.S.G. § 5K2.11, and combination of circumstances under U.S.S.G. § 5K2.0(c). We do not review the procedural correctness of a district court's decision not to depart from the Sentencing Guidelines range. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012). Instead, we review the ultimate sentence for substantive reasonableness. *Id.* at 1008. The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Contreras-Hernandez's criminal history, his prior illegal reentry conviction, and his failure to be deterred by the sentence for that conviction. *See Gall v. United States,* 552 U.S. 38, 51 (2007). Moreover, contrary to Contreras-Hernandez's contention, the record reflects that the district court considered his departure requests and adequately explained the sentence imposed. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**